## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No.: 2:06cr12-MEF** |
| | **)** | |
| **CRAIG M. CANADY** | **)** | |

## MOTION TO SUPPRESS STOP AND SEIZURE

**COMES NOW** the Defendant, Craig M. Canady, by and through undersigned counsel, Kevin L. Butler, and pursuant to the Fourth Amendment, Fifth Amendment, and Equal Protection Clause of the Constitution moves this Court for an Order suppressing any and all evidence seized by the government as a result of the stop of Mr. Canady's vehicle. This evidence includes any statements, physical evidence and/or records obtained as a result of the stop and search of Mr. Canady's vehicle.

### Relevant Facts

On or about January 15, 2006, Alabama State Trooper Will Barnes stopped the vehicle driven by Craig Canady on I-85 for a alleged traffic violation. However, prior to the vehicle stop, Mr. Canady was in compliance with all traffic regulations. After all evidence pertinent to the traffic stop had been collected and a warning ticket issued, Trooper Barnes held and interrogated Mr. Canady while he completed a background check of Mr. Canady and his passenger. After the background check was completed and without cause Trooper Barnes sought and obtained consent to search the vehicle.

**Discussion**

I.    **The Equal Protection Clause Prohibits the Racially Motivated Police Practices (Profiling) Engaged in by Trooper Peoples.**

"Racial profiling of any kind is anathema to our criminal justice system." *United States v. Leviner*, 31 F.Supp.2d 23, 33 (D.Mass 1998). "We [the United States Supreme Court] of course agree ... that the Constitution prohibits selective enforcement of the law based on consideration such as race. ... [T]he constitutional basis for objecting to intentionally discriminatory application of the law is the Equal Protection Clause." *Whren v. United States*, 116 S.Ct. 1769, 1774 (1996).

The Eleventh Circuit has not specifically addressed or adopted a method of analyzing and remedying vehicle stops that are in violation of the Equal Protection Clause. However, guidance can be obtained from other circuits' jurisprudence and analysis of similar facts and the Eleventh Circuit's opinions issued in civil cases. The First Circuit has held that when challenging car stops as pretextual and in violation of the Equal Protection Clause, "in order to prevail ... [a defendant] must present evidence that he was treated differently from similarly situated non-African American motorists and that the action taken against him was motivated, at least in part, by his race. *Flowers v. Fiore*, 359 F.3d 24, 35 (1st Cir. 2004). More specifically, to show a violation of the Equal Protection Clause, a party must prove that the actions of the government official had a discriminatory effect and were motivated by a discriminatory purpose. *Chaves v. Illinois State Police*, 251 F.3d 612, 635 (7th Cir. 2001).

To show "discriminatory effect," the defendant must show that he was a member of a protected class and that members of the non-protected class were treated differently. Id. This can be done by showing how specifically named people (protected v. non-protected) were treated

differently or through the use of material and relevant statistics. *Id.; See also Int'l Bd. of Teamsters v. United States,* 97 S.Ct. 1843 (1977). To show "discriminatory intent" the defendant must show that the government official purposefully acted in a manner that would have an adverse affect upon an identifiable group. *McClesky v. Kemp*, 481 U.S. 279, 298 (1979); See e.g., *Osburn v. Cox*, 369 F.3d 1283 (11th Cir. 2004). Because evidence of discriminatory intent is often intangible (i.e.they don't exist as a written or audio recording or discriminatory intent) one must look at the facts and circumstances surrounding the government official and his actions. (citation omitted).

At an evidentiary hearing, the defense will show that Trooper Barnes intentionally discriminated against African-American motorist (i.e. Mr. Canady) and that his actions have a discriminatory effect on African Americans.

## II    Trooper Barnes' Interrogation on Matters Unrelated to the Basis for the Stop Was an Improper Seizure

During the time Mr. Canady was detained in the patrol car, while Trooper Barnes sought license verification, Trooper Barnes was allowed to question Mr. Canady on matters unrelated to the traffic stop. *United States v. Purcell*, 236 F.3d 1274 (11th Cir. 2001). However, when police ask investigative questions under the guise of "routine questioning," *Miranda* warnings are required. *United States v. Glen-Archila*, 677 F.2d 809 (11th Cir. 1982).

In this case, while waiting for the background check information, Trooper Barnes conducted a long and extensive interrogation of Mr. Canady that was designed and initiated in an attempt to obtain inculpatory information from Mr. Canady. Therefore, *Miranda* warnings were warranted and the questioning was improper. Trooper Barnes' conduct shows that he was fishing for information unrelated to the stop, upon which he could possibly develop cause for other police activity. Because

the alleged "routine questioning" was a guise for a police investigation, *Miranda* warnings were required. *United States v. Glen-Archila*, 677 F.2d 809 (11th Cir. 1982). As no *Miranda* warnings were provided prior to this police interrogation, any statements given in response to the questioning must be suppressed. Additionally, any police activity (i.e. the search) based upon these un-*Mirandized* questions must also be suppressed.

**III.    The Eleventh Circuit's Holding in *United States v. Perkins*, 348 F.3d 965 (11th Cir. 2003) and *United States v. Boyce*, 351 F.3d 1102 (11th Cir. 2003) Specifically Prohibited the Further Questioning and Detention of Mr. Canady After the "Warning Ticket" was Issued**

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Const. Amend IV. While not all police-citizen encounters trigger Fourth Amendment scrutiny, a traffic stop is a limited seizure within the meaning of the Fourth Amendment, and that it is analogous to an investigative detention. *United States v. Perkins*, 348 F. 3d 965, 969 (11th Cir. 2003). Therefore, the legality of such stops is analyzed under the standard articulated in *Terry v. Ohio*, 392 U.S. 1 (1968). *Terry* requires that such stops require "an officer [to] have an objective, reasonable suspicion of criminal activity," before seizing an individual. *Id*.

Drivers and their vehicles can be detained after a valid traffic stop while a "license check" or "criminal history check" are being conducted. *United States v. Boyce*, 351 F.3d 1102 (11th Cir. 2003). However, after an individual has been issued a citation or warning ticket, any prolonged detention of an individual without "reasonable suspicion" of other criminal activity is a violation of the Fourth Amendment. *Boyce*, 351 F.3d at 1107; *Perkins*, 348 F.3d at 970.

Whether an officer has a "reasonable suspicion" of criminal activity sufficient to justify such

4

an investigatory stop is determined based on the totality of the circumstances, and from the collective knowledge of the officer involved in the stop. *United States v. Tapia*, 912 F.2d 1367, 1370 (11th Cir. 1990). However, "reasonable suspicion" may not be based on the officer's hunch, but requires that the police officer be able to point to specific and articulable facts which reasonably warrant the intrusion. *Id*. (citing, *Terry v. Ohio* at 1879); See also, *United States v. Mikell*, 102 F.3d 470, 475 (11th Cir. 1996) (police are required to articulate some minimal, objective justification for the stop). The fact that the driver and passenger provide slightly inconsistent statements or are nervous does not create "reasonable suspicion" upon which a further detention is warranted. *Perkins*, 348 F.3d at 965.

At an evidentiary hearing, Mr. Canady will show that after the warning ticket was issued, Trooper Barnes had no "reasonable suspicion" upon which he could base any further detention. Because the further detention of Mr. Canady was prohibited by the Fourth Amendment, any questioning, answers and consent that stem from the further detention must be suppressed/excluded. *Perkin*s, 348 F.3d at 969 (citing *United States v. Terzado-Madruga*, 897 F.3d 1099, 1112 (11th Cir. 1990)).

**Conclusion**

Because the stop of Mr. Canady was in violation of the Equal Protection Clause, the questioning of Mr. Canady was in violation of the Fifth Amendment and there was no Fourth Amendment justification for the subsequent search of Mr. Canady's vehicle. Any and all evidence, information or statements obtained as a result of his unlawful detention must be suppressed.

**WHEREFORE**, the Defendant prays that this Honorable Court conduct an evidentiary hearing to review the facts and circumstances surrounding the stop of his vehicle, and after

conducting such hearing, issue an Order granting the motion and suppressing all evidence seized during the seizure or as a result thereof.  Additionally, any and all statements obtained as a result of the unlawful seizure are "fruit of the poisonous tree" and are due to be suppressed as well. *See Mapp v. Ohio*, 367 U.S. 643, 654 (1961); *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963).

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CR. No.: 2:06cr12-MEF** |
| | ) | |
| **CRAIG M. CANADY** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2006, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system which will send notification of such filing to the following:

Kent Brunson, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138